IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**


Civil Action No. 08–cv–00910–MSK–KMT


AMERICAN CIVIL LIBERTIES UNION OF COLORADO, a Colorado non-profit corporation;
AMERICAN FRIENDS SERVICE COMMITTEE, a Pennsylvania non-profit corporation;
AMERICAN INDIAN MOVEMENT OF COLORADO, a Colorado unincorporated association;
AMERICANS FOR SAFE ACCESS, a California non-profit corporation;
CODEPINK, a California non-profit corporation;
ESCUELA TLATELOLCO CENTRO DE ESTUDIOS, a Colorado non-profit corporation;
LARRY HALES, a Colorado citizen in his capacity as a representative of
    TROOPS OUT NOW COALITION, a New York unincorporated association;
GLENN MORRIS, a Colorado citizen in his capacity as a representative of unincorporated
    association THE AMERICAN INDIAN MOVEMENT OF COLORADO;
RECREATE 68, a Colorado non-profit corporation;
ROCKY MOUNTAIN PEACE & JUSTICE CENTER, a Colorado non-profit corporation;
DAMIAN SEDNEY, a Vermont citizen, in his capacity as a representative of the unincorporated
    association CITIZENS FOR OBAMA;
TENT STATE UNIVERSITY, a Colorado non-profit incorporation;
TROOPS OUT NOW COALITION, a New York unincorporated association; and,
UNTIED FOR PEACE & JUSTICE, a New York non-profit corporation,

    Plaintiffs,

v.

THE CITY AND COUNTY OF DENVER, COLORADO, a political subdivision of the State of
    Colorado;
MICHAEL BATTISTA, in his official capacity as the Deputy Chief of Operations for the Denver
    Police Department, and agency of the City and County of Denver, Colorado;
THE UNITED STATES SECRET SERVICE; and
MARK SULLIVAN, in his official capacity as the Director of the United States Secret Service,

    Defendants.

# ORDER

This matter is before the court on "Plaintiff's Motion to Compel Responses to the Request for Production of Documents Served by Plaintiffs on Defendants" ("Mot." [Doc. No. 78, filed July 11, 2008]). "Defendants the City and County of Denver and Michael Battista's Response to Plaintiffs' Motion to Compel (Doc. #78)" [Doc. No. 79] was filed on July 13, 2008 and "Defendant United States Secret Service's Response in Opposition to Plaintiffs' Motion to Compel Responses to Requests for Production of Documents" [Doc. No. 80] was filed the same day.

Plaintiffs submitted one Request for Production of Documents to the defendants on or about June 18, 2008. (Mot. at 2). On July 1, 2008, Plaintiffs served Requests for Production of Documents 2 through 12, among other written discovery requests, on the defendants. (Mot. at 4). On July 10, all Defendants submitted their discovery responses to Plaintiffs, each categorically denying responsibility to respond to Requests for Production of Documents as barred by the District Court's Minute Entry [Doc. No. 53].

## I. Requests for Production of Documents were Authorized.

The defendants characterize the Minute Entry concerning the discovery schedule discussed at the June 30, 2008 hearing before Judge Marcia S. Krieger as an Order barring the plaintiff from submitting written document requests. The defendants quote language from the

2

"Amended Courtroom Minutes" [Doc. No. 53, filed July 1, 2008] in support of this contention. This court notes, as a threshold matter, that the Amended Courtroom Minutes contain both minutes of oral Orders entered by the court and summaries of issues discussed during the hearing where oral Orders were not entered. *Id.* The language quoted by the defendants in support of their position that document requests were barred appears in a summary section of the Minutes prepared by the courtroom Deputy Clerk and not as an Order of District Court Judge Krieger. For reasons more fully set forth herein, this court finds that while the terminology used by the deputy clerk in the summary of proceedings could be interpreted as a bar to Plaintiffs' document requests, the actual language presented on the record during the hearing reflects only that a limitation on the <u>number</u> of Requests for Production of Documents was not agreed upon between the parties and that plaintiffs <u>would</u> be propounding Requests for Production of Documents for limited, discreet documents.

The initial conversation regarding the first round of discovery for Phase 2 of the case occurred at page 13 of the transcript of the June 30, 2008 hearing which is attached to the Plaintiffs' Motion as Exhibit C (hereinafter "Tr. 6/30/08"):

```
   MR. ZANSBERG: Your Honor, as I described earlier, the
 3    parties before coming into the courtroom met, as we did last
 4    Friday, and have agreed to the following proposed schedule:
 5    Written discovery will be simultaneously propounded by
 6    both parties tomorrow, July 1, with the following limits agreed
 7    on by the parties:
 8    25 maximum number of interrogatories per party.
 9    30 maximum requests for admissions per party; right?
10 MR. TRASKOS: Per side.
```

> 11  MR. ZANSBERG: Per side. I stand corrected.
> 12       The responses to that first round of written discovery
> 13       would be due on July 10.
> 14       We have discussed the possibility of additional
> 15       discovery, if necessary, additional written discovery but
> 16       haven't formulated any time frame for that specifically but did
> 17       leave open the possibility that there might be follow-up
> 18       discovery if the limits I just identified hadn't been met in
> 19       the first round of discovery.

*Id.*

When questioned by the court about the potential for arising discovery disputes and plans for resolution thereof, contained in the transcript just a few pages later, plaintiff stated:

> MR. ZANSBERG: We've given some thought and had some
> 3       discussion about it. Our plan is -- and in order to propound
> 4       the written discovery, just identified, tomorrow we have been
> 5       working arduously in preparation of that written discovery in
> 6       the hopes that it will be narrowly limited.  And documents, for
> 7       instance, that will be sought will be requests for discrete
> 8       documents, not for categories of records that give rise to the
> 9       types of issues your Honor's identified.

*Id.* at 16.

Plaintiffs' counsel, Mr. Zansberg, was the attorney charged with putting the parties' agreement on the record.  Mr. Traskos, for the federal defendants, obviously did not have any difficulty in correcting the record when mistakes were made by Mr. Zansberg.   No one representing any of the defendants disputed the representations by Mr. Zansberg concerning the limitation of scope on requests for discovery documents, nor did anyone from the defense object to the paragraph above, bringing to the court's attention defendants' belief there would be no Requests for Production of Documents.

4

The court's Minute Entry, [Doc. No. 53] contained the summary language as drafted by the Deputy Clerk, "[t]he parties have agreed to the following discovery schedule: 1. Written discovery will be propounded by both parties by July 1, 2008, and will be limited to 25 interrogatories and 30 requests for admission per side; . . .".  Obviously the "will be limited" language appears grammatically modify the subject, "written discovery."  The Deputy Clerk, however, inadvertently changed the actual language of the verbatim record which read, "written discovery will be propounded . . .with the following limits agreed to by the parties . . ."  This word choice creates a subtle distinction which would, in normal parlance, drift by unnoticed.  The linguistic variance, however, is important in this case.  Just because the parties agreed to limitations on some parts of the discovery process, no inference can be drawn that other discovery tools would be completely barred.  In fact, given the additional excerpts from the transcript as noted herein, it is clear that the plaintiffs specifically reserved the right to ask for "discrete documents" rather than requests that called "for categories of records." *Id*. at 16.

Therefore, I find the District Court did not bar the parties from propounding Requests for Production of Documents as part of the expedited discovery process.

## II. Requests for Production of Documents Must Comply with Fed. R. Civ. P. 26(b) and 34(a)

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b).

District Judge Krieger specified the issues to which expedited discovery may be directed in this case:

> I understand the prayer for relief in this complaint to request specific injunctive relief, to direct the defendants to alter their already announced plans so as to ensure full compliance with the First Amendment to the Constitution of the United States and Article II, Section 10, of the Colorado Constitution, in the following respect: to change the size and location of the public demonstration zone on the grounds of the Pepsi Center so that persons standing in the zone will have actual sight and sound access to convention delegates on the grounds of the Pepsi Center; to change the parameters of the public demonstration zone on the grounds of the Pepsi Center; to bar defendants from conducting searches of persons or possessions where such searches are based on regarding a person's entry into the public demonstration zone as a consent to search; to allow the distribution of leaflets, pamphlets, and other printed materials either electronically or through other means to delegates, and to allow for parades that pass by the Pepsi Center along the south side of Chopper Circle and the adjoining east side of 9th Street during times when delegates are present; to allow for alternative parades requested by Recreate 68 to the Federal Courthouse on August 25, 2008, and to Escuela . . .Tlatelolco to Sunken Gardens Park on August 26, 2008.

Tr. 6/30/08 at 19-20.

Fed. R. Civ. P. 26 (b)(2)(C) provides for limitations on discovery which might otherwise be allowed when "(iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering . . . the importance of the discovery in resolving the issues."

The issues before the District Court at the July 29, 2008 hearing are limited and, as noted by the defendants in their responses, the law enforcement personnel who are in the best position to produce documents responsive to the plaintiffs' Requests are extremely busy planning for security at the very event which is at the heart of the case. Therefore, the court must weigh the relevance and importance of the documents sought given the issues defined by the District Court against the very real need to insure the safety of the community during the Democratic National

Convention ("DNC"). I have considered the limited law enforcement manpower which can be devoted to discovery production with the DNC now six weeks away, the unexpected and dramatic change in venue for one event during the three day program, the potentially voluminous number of responsive documents, the fact that many of the responsive documents could be expected to be buried inside email and other electronic "strings", the expedited discovery schedule, and the fact that duplicative document requests have been made in many instances which will likely result in production from other sources. I have determined that documents which attempt to explain the rationale for past decisions made with respect to the announced security plans fall into the category of discovery for which, even if some marginal relevance is shown, the burden of production of documents far outweighs the possible benefit to the plaintiffs.

Wherefore, it is ORDERED:

The "Plaintiff's Motion to Compel Responses to the Request for Production of Documents Served by Plaintiffs on Defendants" [Doc. No. 78] is GRANTED in part and DENIED in part, as follows:

    1. The Defendants will produce documents on or before **July 17, 2008** responsive to Plaintiffs' Request for Production of Documents No. 2; Request No. 3 to the extent that a map, diagram or other similar rendition currently exists which shows the location of any known object or facility directly between the Pepsi Center entrance for delegates and the Public Demonstration Zone and provided such map be marked confidential and not for distribution beyond the parameters of this case; Request No. 7; and, Request No. 12, to the extent the

documents or materials were utilized by the defendants during the time period July 1, 2008 through July 14, 2008.

    2.  The defendants shall not be required to produce documents pursuant to Plaintiffs' Request for Production of Documents No. 5, 6, 8, 9, 10, and 11. The court finds these Requests to be irrelevant to the issues to be decided at the July 29, 2008 hearing and many of the requested documents are law-enforcement privileged. Further, to the extent there is any marginal relevance in any of the non-privileged requested documents, the burden of production to respond to these relatively nebulous and ambiguous requests far outweighs the potential benefits of production.

    3.  The defendants shall not be required to produce discovery pursuant to Plaintiffs' Request for Production of Documents No. 4. While the number of persons which can be safely held by the space currently designated for the Public Demonstration Zone is relevant to the issues, the court concludes that the request is overbroad. A response <u>in the form requested</u>, "any estimate by the Defendants," would require such a substantial expenditure of time and effort just to determine whether any such documents exist, especially inclusive of electronically stored information, that the burden of production outweighs the potential benefits to the plaintiffs.

The Motions Hearing previously set for July 15, 2008 at 1:30 p.m. [Doc. No. 84] is VACATED.

Dated this 15th day of July, 2008.

BY THE COURT:


s/ Kathleen M. Tafoya
KATHLEEN M. TAFOYA
United States Magistrate Judge